IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MORRIS ALBRITTON,

    Plaintiff,

v.                            Civil Action No. 3:14CV558

MRS. S. SNEAD, et al.,

    Defendants.

## MEMORANDUM OPINION

Morris Albritton, a Virginia inmate proceeding pro se and in forma pauperis, filed this 42 U.S.C. § 1983 action.[1]  For the reasons set for below, the Court will dismiss the action for failure to state a claim.

## I.    STANDARD OF REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted."    28 U.S.C.

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

§ 1915(e)(2);  see  28  U.S.C.  §  1915A.   The  first  standard
includes  claims  based  upon  "'an  indisputably  meritless  legal
theory,'"  or  claims  where  the  "'factual  contentions  are  clearly
baseless.'"   Clay v. Yates, 809  F.  Supp.  417,  427  (E.D.  Va.
1992)  (quoting  Neitzke v. Williams,  490  U.S.  319,  327  (1989)).
The  second  standard  is  the  familiar  standard  for  a  motion  to
dismiss under Fed. R. Civ. P. 12(b)(6).

   "A  motion  to  dismiss  under  Rule  12(b)(6)  tests  the
sufficiency  of  a  complaint;  importantly,  it  does  not  resolve
contests  surrounding  the  facts,  the  merits  of  a  claim,  or  the
applicability of defenses."  Republican Party of N.C. v. Martin,
980  F.2d  943,  952  (4th  Cir.  1992)  (citing  5A  Charles  A.  Wright  &
Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)).
In  considering  a  motion  to  dismiss  for  failure  to  state  a  claim,
a  plaintiff's  well-pleaded  allegations  are  taken  as  true  and  the
complaint  is  viewed  in  the  light  most  favorable  to  the
plaintiff.  Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th
Cir.  1993); see also Martin,  980  F.2d  at  952.   This  principle
applies  only  to  factual  allegations,  however,  and  "a  court
considering  a  motion  to  dismiss  can  choose  to  begin  by
identifying  pleadings  that,  because  they  are  no  more  than
conclusions,  are  not  entitled  to  the  assumption  of  truth."
Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," id. (citation omitted), stating a claim that is "plausible on its face," rather than merely "conceivable." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp., 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)).

Lastly, while the Court liberally construes <u>pro</u> <u>se</u> complaints, <u>Gordon v. Leeke</u>, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. <u>See</u> <u>Brock v. Carroll</u>, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); <u>Beaudett v. City of Hampton</u>, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II.  SUMMARY OF ALLEGATIONS AND CLAIMS

In Albritton's rambling and repetitive Complaint, he alleges purported violations of his rights under Virginia Department of Corrections ("VDOC") operating procedures, Virginia law, and the Due Process Clause of the United States Constitution[2] stemming from the Virginia Division of Child Support's order to withhold money from his inmate accounts to satisfy arrears owed and the VDOC staff's execution of that order.

In "Claim # 1," Albritton contends that "[o]n 05-10-2013, the Division of Child Support moved to have all of the plaintiff's property, assets and/or money withheld pursuant to

---

[2] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ."  U.S. Const. amend. XIV, § 1.

4

an order to withhold issued" to be served on him.  (Compl. 3.)[3]
Ms. Whitlow signed for the notice, but Albritton failed to
receive the order until over sixty days later when Ms. Snead
delivered it to him on August 22, 2013.  (Id.)  Albritton claims
that he was never properly served.  (Id.)  "This violated The
Virginia Department of Corrections ["VDOC"]" policy that states
mail should only be held for twenty-four hours.  (Id. (emphasis
omitted).)  Albritton claims that his "rights were violated due
to the fact that [he] was never given a chance to appeal this
order, which is a violation of plaintiff's due process."  (Id.)

        In "Claim # 2," Albritton alleges that "[o]n 8-19-2013, the
Fiscal Technician (Ms. Snead) at Halifax Correctional Unit #23
placed $3,767.42 into a reserve account, meaning that
[Albritton's] trust account was depleted to a balance of zero.
This was more than the amount stated in notice, as well as a
violation of VA Code Ann § 34-29 . . . which reads: Sixty-six
percent of such individual's disposable earnings for the
week . . . ."  (Id. at 4.)  Albritton contends that Ms. Snead
should have only sent $2,041.06, or 65%, of Albritton's trust
account.  (Id.)  "Plaintiff's rights were violated due to the

---

[3]  The Court employs the pagination employed by the CM/ECF
docketing system for citations to the Complaint.  The Court
corrects the capitalization in quotations from Albritton's
Complaint.

5

fact that his account was wrongfully depleted, not in compliance with the Code of Virginia." Id.

In "Claim # 3," Albritton contends that "Ms. Snead . . . violated [VDOC] Operating Procedure 802.2 . . . which reads: Except for balances in excess of $1,000, funds in an offender's Savings Account are not available for court ordered or other mandatory fees . . . ." (Id.) Albritton claims that "Ms. Snead violated this policy by removing the balance of $627.33 from [his] savings account in order to pay the Division of Child Support." (Id.) "[T]he [VDOC] policy states that the funds in the savings plan are exempt from any court ordered or mandatory garnishments, while the Code of Virginia does not." (Id.) Albritton claims that the VDOC has "breached its contract, in which every qualifying offender housed within [VDOC] had to sign" because the VDOC policy states that savings plans are exempt from garnishment up to $1000. (Id.) Albritton also contends "[t]he due process [rights] of plaintiff was violated, in accordance with [various Virginia statutes] . . . and the maximum amount allowed for garnishment against any individual." (Id.)

Albritton explains that he filed an informal complaint which was answered by Ms. Snead stating that the Attorney General instructed her to deduct funds. (Id. at 4-5.) Albritton's regular grievance "came back unfounded." (Id. at

6

5.)   Albritton tried to file an appeal, however, Mr. Townsend gave Albritton the incorrect address so the appeal was denied as untimely.   (Id.)   Albritton claims Mr. Townsend violated his due process rights by providing Albritton "false information according to VA DOC 866.1 (Grievance)."   (Id.)

Albritton contends that Harold Clark personally knew about the purported violations because Albritton wrote the Honorable Bobby Scott who forwarded Albritton's letter to Clark, and "[t]his clearly makes him directly liable in his failure to act . . . ."  (Id.)

Albritton demands monetary damages in the amount of $3,767.42 and injunctive relief.  (Id. at 6.)

### III.  ANALYSIS

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States.  See Dowe v. Total Action Against Poverty in Roanoke Valley, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983).  First, Albritton fails to plausibly suggest that Mr. Townsend violated his constitutional rights.   Because "there is no constitutional right to participate in grievance proceedings," Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (citing Flick v. Alba, 932 F.2d 728, 729

(8th Cir. 1991)), Mr. Townsend's provision of the wrong address to mail an appeal of a grievance fails to state a due process claim.

Albritton next claims that Defendants violated his due process rights, Virginia laws, and VDOC Operating Procedures when complying with a withholding order from the Division of Child Support Services. The Due Process Clause applies only when government action deprives an individual of a legitimate liberty or property interest. Bd. of Regents of State Colls. v. Roth, 408 U.S. 564, 569 (1972). The first step in analyzing a procedural due process claim is to identify whether the alleged conduct affects a protected interest. Beverati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997) (citing cases). Albritton does not indicate that Defendants' actions resulted in the deprivation of any liberty interest. Instead, Albritton contends that Defendants Ms. Snead, Ms. Whitlow, and Harold Clark deprived him of property, in the form of $3,767.42 from his inmate trust and savings account, without due process of law.

First, the Due Process Clause is not implicated by a negligent act of state official causing unintended loss of property. Daniels v. Williams, 474 U.S. 327, 328 (1986). Moreover, Virginia's provision of adequate post-deprivation remedies forecloses Albritton's due process claim for the

8

deprivation of property.  See id.; Wilson v. Molby, No. 1:12cv42 (JCC/JFA), 2012 WL 1895793, at *6-7 (E.D. Va. May 23, 2012); Henderson v. Virginia, No. 7:07-cv-00266, 2008 WL 204480, at *10 n.7 (W.D. Va. Jan. 23, 2008).  Negligent and intentional deprivations of property "do not violate [the Due Process] Clause provided . . . that adequate state post-deprivation remedies are available."  Hudson v. Palmer, 468 U.S. 517, 533 (1984) (finding due process satisfied by post-deprivation remedy to redress intentional destruction of personal property by prison guard during a shakedown).

Virginia has provided adequate post-deprivation remedies for deprivations caused by state employees.  Under the Virginia Tort Claims Act, Virginia has waived sovereign immunity for damages for "negligent or wrongful" acts of state employees acting within the scope of employment.  Va. Code Ann. § 8.01-195.3 (West 2015).[4]  The United States Court of Appeals for the Fourth Circuit has held that the Virginia Tort Claims Act and Virginia tort law provide adequate post-deprivation remedies for torts committed by state employees.  See Wadhams v. Procunier, 772 F.2d 75, 77-78 (4th Cir. 1985).  Because the availability of a tort action in state court fully satisfies the requirement of

---

[4] "[T]he Commonwealth shall be liable for claims for money. . . on account of damage to or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee while acting within the scope of his employment . . . ."  Va. Code Ann. § 8.01-195.3 (West 2015).

a meaningful post-deprivation process, Albritton cannot state a claim for the loss of his property under the Fourteenth Amendment.  See Wilson, 2012 WL 1895793, at *6-7; Henderson, 2008 WL 204480, at *10 n.7.  Accordingly, Albritton's due process claims will be dismissed with prejudice.

Generally, a Court should dismiss supplementary state law claims if the federal claims are dismissed before trial.  See United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966).  Because the Court dismisses the federal claim for failure to state a claim, to the extent Albritton raises cognizable state law claims, they will be dismissed without prejudice.

Accordingly, Albritton's claims and the action will be dismissed.  The Clerk will be directed to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

The Clerk is directed to send a copy of the Memorandum Order to Albritton.

It is so ORDERED.

/s/ REP
_____
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: October 1, 2015

10