IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



MORRIS ALBRITTON,

    Plaintiff,

v.                                      Civil Action No. 3:14CV558

MRS. S. SNEAD, et al.,

    Defendants.

**MEMORANDUM OPINION**

By Memorandum Opinion and Order entered on October 2, 2015, the Court dismissed Morris Albritton's civil action for failure to state a claim. Albritton v. Snead, No. 3:14CV558, 2015 WL 5793708, at *1-4 (E.D. Va. Oct. 2, 2015). On October 19, 2015, the Court received from Albritton a Motion to Alter or Amend pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion," ECF No. 28).

The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing Weyerhaeuser Corp. v. Koppers Co., 771 F. Supp. 1406, 1419 (D. Md. 1991); Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Albritton fails to identify

a ground for relief pursuant to Rule 59(e). Instead, he now claims that his constitutional rights were violated because the institution tampered with his mail and vaguely reargues that money was improperly taken from his inmate account. However, a "Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (quoting 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2810.1, at 127-28 (2d ed. 1995)). Albritton fails to demonstrate a clear error of law or any other basis for granting relief under Rule 59(e). Accordingly, the Rule 59(e) Motion (ECF No. 28) will be denied.

To the extent Albritton seeks relief in the form of an injunction "to stop VADOC from withholding money percentages being placed in a special savings account I am unable to access," (Rule 59(e) Mot. ¶ 3) this request will be denied as moot as his civil action had been dismissed.

The Clerk is directed to send a copy of the Memorandum Opinion to Albritton.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: March 14, 2016

2